## SUMNER PROPERTY CO et v POPOV et

Ohio Appeals, 9th Dist, Summit Co

No 1949.   Decided Feb 3, 1932

May & May, Akron, for plaintiff.

E. F. Mooneyham and Carl D. Sheppard, Akron, for defendants.

FUNK, J.

We are clearly of the opinion, under all the evidence in this case, that it comes squarely within the rules announced in the cases of **Ciski v Wentworth, 122 Oh St 487,** and **Frate v Rimenik, 115 Oh St 11,** and that the evidence clearly shows all the elements necessary to establish an easement by implication—which elements are:

First: That the alley was laid out or created by the common owner at or before the time any land making up said alley was sold and conveyed by said common owner, and that there is a severance of the unity of ownership, as the common owners of all the lands in question before the alley was laid out and which make up said alley and border upon it, now own none of it.

Second: That the alley was plainly visible and had been in continued use in such manner that it was manifest that it was intended to be a permanent alley clear through from Madison avenue to East avenue, necessary for the proper, convenient and reasonable enjoyment of all the lots bordering thereon for nearly seven years before lot 6 was sold to Davis and about 15 years before defendants Popov purchased said lot 6. This element of visibility is especially manifest when the location of the house, rear steps and walk on lot 6, and the location of the duplex houses on lots 1 and 2 and the walk on lot 1 at the times lot 6 was sold to both Davis and Popov, are considered, and especially when taken in connection with the cutout of the curbing on Madison avenue for the alley and the cindering of it, together with all the evidence as to its continued use for the years mentioned.

Third: That the alleyway is absolutely necessary for the beneficial enjoyment of the two buildings on the south end of lot 1, as well as reasonably necessary for such enjoyment of the buildings on the north end of lots 1 and 2 and the duplex house on the south end of lot 2.

Fourth: That the servitude or use of the alley has been continuous since 1913, when the Wrights moved the house onto lot 6 in such manner that it could not be said to be intended to be only for temporary or occasional use but could only have been meant to be a permanent appurtenance to all the lots bordering on it.

It therefore follows that said alleyway is a permanent easement appurtenant to all the lots bordering thereon, and that none of the owners of said lots have the right to adversely interfere with the proper and free use and enjoyment of the same.

Some claimed benefit is made for defendants by reason of the fact that the garage on lot 5 was permitted to extend a few feet into the alley for some years before it was moved off the alley, although it did not interfere with the free use of the alley. Also, some reference is made to one of the plaintiffs not having clean hands because of a coal chute extending temporarily into the alley, even though it would not obstruct the free use of the alley when opened the full width of 12 feet.

We find these contentions too unimportant to discuss in an opinion.

A decree for plaintiffs, similar to that entered in the Common Pleas Court, may be prepared.

PARDEE, PJ and WASHBURN, J, concur.